679 A.2d 1317

**John A. WAREHIME, Appellant,**

v.

**ARWCO CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued June 12, 1996.

Filed July 31, 1996.

---

1. Appellee's Petition to Quash Appeal and for Award of Counsel fees is denied.

James P. DeAngelo, Harrisburg, for appellant.

George A. Michak, Harrisburg, for appellee.

Before TAMILIA, JOHNSON, and MONTEMURO *, JJ.

MONTEMURO, Judge.*

This appeal lies from an order sustaining appellee's preliminary objections in the nature of a demurrer and dismissing appellant's complaint seeking attorney's fees.

Appellant is a minority shareholder and a member of the Board of Directors of appellee ARWCO corporation, which is family owned. At a regular meeting on November 14, 1994, the Board approved a plan which provided for the exchange of all of ARWCO's outstanding stock for shares in Snyder's of Hanover, another corporation held by appellant's family, and of which he is also a minority shareholder. Under the exchange plan, ARWCO would become a wholly owned subsidiary of Snyder's. A vote of all of the shareholders on the plan was scheduled by the Board to occur on November 18, 1994.

Believing that the exchange plan undervalued the ARWCO stock, appellant hired counsel to prepare a request to enjoin the proposed vote meeting, and a complaint seeking that ARWCO be directed to conduct an alternative valuation of its stock. A hearing on the injunction request was scheduled for November 17, 1994.[1] Shortly before the appointed hearing time, the parties entered into an agreement postponing the vote meeting without the necessity of a hearing. The complaint intended to commence what the parties refer to as the Threatened Litigation was never filed.

Instead, appellant filed a complaint seeking attorney's fees incurred from preparation of the Threatened Litigation complaint as well as the injunction request. Appellee filed preliminary objections in the nature of demurrer which the trial

---

* Retired Justice assigned to Superior Court.

1. It is not at all clear how the injunction request came before the court. Appellant avers that the document prepared by his counsel was never filed, and the official record contains no other document relating to such a request, nor any court order memorializing the time and place of the hearing.

court sustained, dismissing the complaint for counsel fees, and this appeal followed.

Appellant has advanced what are ostensibly four issues. However, they all reduce to the same question, that is, whether he has, under any of a number of theories, stated a claim on which relief could be granted.

■ As appellant correctly points out, the appellate court's scope of review is limited in instances where there is a challenge to the sustaining of preliminary objections in the nature of a demurrer. *Mahoney v. Furches*, 503 Pa. 60, 468 A.2d 458 (1983).

All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of the review.] The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Id.* at 66, 468 A.2d at 461–62 (*quoting Vattimo v. Lower Bucks Hosp., Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–33 (1983) (citations omitted)).

The trial court grounded its decision on the basis that 1) the injunction was improperly filed without an underlying lawsuit to form the basis for the requested equitable relief; 2) equitable relief is prohibited by 15 Pa.C.S.A. § 1105; 3) the exclusive method to challenge the appraised value of shares of a corporation under circumstances like these present here is 15 Pa.C.S.A. § 1579.

While the first of these reasons is offered without supporting authority and is, in fact, an incorrect statement of the law, the other two are both applicable and controlling.

■ Section 1105 [2] of the Associations Code, 15 Pa.C.S.A. § 101, *et seq.*, restricts the right of a shareholder in a business

---

**2.** 15 Pa.C.S.A. § 1105 reads in pertinent part as follows:
A shareholder of a business corporation shall not have any right to obtain, in the absence of fraud or fundamental unfairness, an injunc-

corporation to obtain "an injunction against any proposed plan or amendment of articles" to those situations where there is "fraud or fundamental unfairness." Neither condition is alleged in appellant's complaint, thus from the outset any prayer for injunctive relief would have been unavailing. Appellant's claim that the trial court was incorrect as to this conclusion is therefore meritless.

■ Moreover, in the absence of either fraud or fundamental unfairness, the exclusive recourse available to a disgruntled shareholder is through exercise of dissenter's rights, which are defined in § 1571 *et seq.*, and of which appellant was given notice with the proposed transfer plan in accordance with 15 Pa.C.S. § 1931. Appellant failed to comply with the requirements of the statute, which mandates, inter alia, that shareholders who oppose a proposed corporate action must assert their dissenter rights "prior to the vote" of the shareholders. 15 Pa.C.S.A. § 1574.[3] Appellant chose instead to threaten litigation and seek an injunction to postpone the vote rather than complying with the statute. Thus, his claim that dissenter's rights were not his exclusive remedy, and that they were not yet available because the plan had not been approved by stockholders is not merely meritless but directly contrary to law.

Appellant concedes the vitality of the general rule that litigants cannot recover counsel fees from an adverse party

tion against any proposed plan ... nor any right to claim the right to valuation and payment of the fair value of his shares because of the plan ..., except that he may dissent and claim such payment if and to the extent provided in Subchapter D of Chapter 15 (relating to dissenters rights) where this subpart expressly provides that dissenting shareholders shall have the rights and remedies provided in that subchapter. Absent fraud or fundamental unfairness, the rights and remedies so provided shall be exclusive ...

3. 15 Pa.C.S.A. § 1574 reads in pertinent part as follows:

If the proposed corporate action is submitted to a vote at a meeting of shareholders of a business corporation, any person who wishes to dissent and obtain payment of the fair value of his shares must file with the corporation, prior to the vote, a written notice of intention to demand that he be paid the fair value for his shares if the proposed action is effectuated ...

without express statutory authorization, a clear agreement between the parties, or some other established exception. *Snyder v. Snyder*, 533 Pa. 203, 212–13, 620 A.2d 1133, 1138 (1993). He contends, however, that there are exceptions relevant to his situation.

■ Appellant argues that this is a stockholder's derivative action, and as such attorney's fees may be recovered by shareholders in derivative or other actions which result in the creation of a common benefit or common fund, the latter of which must be within the jurisdiction of the court. *Jones v. Muir*, 511 Pa. 535, 515 A.2d 855 (1986). He argues too that the nature of the contemplated litigation and its putative outcome solves the problem of the fact there has been no action actually filed. He insists that since his threatened action has created a benefit and/or created a fund, no litigation need have taken place.

However, this theory is inapplicable since in addition to no suit, no demonstrable benefit has resulted much less a fund. Appellant's argument that the fund consists of the assets of ARWCO which were preserved by his actions in preventing the share exchange is scarcely persuasive, since there has been no indication that the shares were in fact undervalued in the transfer plan, or that if there was an undervaluation the assets of the corporation are subject to the jurisdiction of the courts at this point.

As to the common benefit theory, the parties dispute the degree of its acceptance by the courts of this Commonwealth. However, here too, given the absence of any evidence one way or another, whether or not a benefit has been conveyed remains an open question. It is also one which we need not answer.

Order affirmed.