**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James George DOURIS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2000.

Filed Jan. 16, 2001.

Brian M. Puricelli, Newtown, for appellant.

Stephen B. Harris, Assistant District Attorney, Warrington, for Commonwealth, appellee.

Before McEWEN, P.J., OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, J.:

¶ 1 James Douris appeals his conviction for harassment. We affirm his conviction but reverse the award of attorney's fees.

¶ 2 After a district justice convicted appellant of harassment, appellant appealed to the trial court. *See* Trial Court Opinion Pursuant to PA. Rule of Appellate Procedure 1925 ("Trial Court Opinion"), 3/29/00, at 1. Judge Ward F. Clark heard the matter *de novo* on November 23, 1999, and found appellant guilty. *See id.* Judge Clark found the following facts:

For three years, Marie Costello worked for the Department of Human Resources on the sixth floor of the courthouse in Doylestown, Pennsylvania as a receptionist. On May 6, 1999, [appellant] came into the office and stated that he wanted to apply for a position. Ms. Costello handed him an application and told him that it was required that he fill out the application in the office. Instead, he started to walk out of the

office with the application. At that time, Ms. Costello said, "You cannot leave with the application." [Appellant] replied, "Try and stop me," and he left. She followed him to the elevators and asked him to come back to the office to fill out the application. He said, "No, I don't want to do that." He was screaming his words.

The elevator door opened and she stepped in front of him. [Appellant] said, "Get out of my way." She stepped away from him. He then pushed her into the wall, hurting her arm. Her arm was badly swollen and bruised and her neck was sore for about one month. She went to the doctor's the same day.

Under cross-examination, she testified she followed him to try to retrieve the application, which was the property of the office.

A co-worker followed Ms. Costello to the elevators and saw [appellant] shove her into the doorframe, get on the elevator and leave.

[Appellant] then testified. He admitted during his testimony that he did not go to the Department of Human Resources on May 6, 1999 to fill out an application. He went there to take an application to use it later in an investigation of a federal lawsuit he had going in which he was alleging discrimination based on disability. He admitted telling Ms. Costello to "Get out of my way" and pushing her out of the way to get in the elevator.

He denied ever asking to apply for a position. He insisted that he just asked for an application. He further testified he either did not recall what Ms. Costello was saying to him or he did not hear her. He further testified he told her, "I want to take the application home because I can't fill it out here."

[Judge Clark] found Ms. Costello and the co-worker to be credible and accepted their testimony. The [judge] found [appellant] not to be credible on issues

in dispute with Ms. Costello's recitation of the facts.

*Id.* at 1–2. Judge Clark found appellant guilty of harassment. Appellant filed a timely notice of appeal, and Judge Clark ordered him to provide a 1925(b) statement of matters complained of on appeal.[1] *See* Trial Court Order, 12/28/99, at 1. Appellant complied with a dense, single-spaced two and one-half page document raising seven issues with various subparts. *See* Appellant's 1925(b) Statement, 12/30/99. In his brief to this Court, though, appellant raises three issues:

1. Whether [appellant's] trial was constitutionally valid and he was denied due process of a fair trial by the Commonwealth failing to disclose eye-witness identities and statements that were material to the case, would have provided favorable testimony for [appellant's] defense, and which would have rebut [sic] the testimony of the Commonwealth's key witnesses?

2. Whether reversible error occurred when the Commonwealth failed to disclose and/or correct the false testimony of its key witness while in possession of knowledge and evidence that the key witnesses were not testifying truthfully?

3. Whether it was an abuse of discretion and/or an impermissible chilling on constitutional rights to quash a subpoena of a defense witness who was compelled to testify regarding a defense related to mens rea and then to sanction [appellant] for using a constitutionally permitted compulsory process?

Brief of Appellant at 1.

 ¶ 3 We first address whether appellant has preserved his issues for appeal. Our Supreme Court has held:

From this date [October 28, 1998] forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to

---

1. Rule 1925(b) allows the lower court to order the appellant to give to the trial judge "a

concise statement of the matters complained of on the appeal. . . ." Pa.R.A.P.1925(b).

Rule 1925. *Any issues not raised in a 1925(b) statement will be deemed waived.*

*Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998) (emphasis added). While appellant raised the first two issues in his brief, he neglected to raise them in his 1925(b) statement. He has thus waived those issues on appeal. He did raise his third issue in his 1925(b) statement, though, so we may reach it on the merits.

■ ¶4 Appellant claims that the court erred in quashing a subpoena for a defense witness and ordering appellant to pay attorney fees to that witness. *See* Brief of Appellant at 17.

"It is clear that under both our state and federal constitutions, a criminal defendant has a right of compulsory process to obtain witnesses in his favor."

\* \* \*

■ A defendant "has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." "[The] constitutional right, though fundamental, is not absolute." *In order to compel the attendance of a witness at trial, it must be shown that the information possessed by the witness is material, i.e., capable of affecting the outcome of the trial, and that it is favorable to the defense.*

*Commonwealth v. McKenzie*, 399 Pa.Super. 22, 581 A.2d 655, 657 (1990) (citations omitted) (emphasis added). Appellant subpoenaed Arlene Angelo, Esquire, after she sent a letter to the Equal Employment Opportunity Commission ["EEOC"] regarding appellant's discrimination claim. *See* Brief of Appellant at 18. The EEOC subsequently sent a copy of the letter to appellant. *See id.* Appellant wanted to introduce the letter at trial because he contended that it said he was allowed to remove an employment application from the courthouse and, thus, would prove that he did not have the intent to harass Ms. Costello. *See id.; see also* N.T., 11/23/99, at 6. Appellant therefore subpoenaed Ms. Angelo so that she would authenticate the letter at trial. *See* Brief of Appellant at 18; *see also* N.T., 11/23/99, at 5. The trial court held that appellant could introduce the letter without Ms. Angelo's authentication because it went to appellant's state of mind and therefore quashed the subpoena. *See* N.T., 11/23/99, at 8–9. During trial, appellant introduced the letter into evidence. *See id.* at 56, 581 A.2d 655. We are puzzled as to why appellant is now claiming prejudice because Ms. Angelo did not testify. The court allowed him to introduce the letter into evidence and thus heard evidence regarding his state of mind. Further, Ms. Angelo was not present during the scene at the courthouse with Ms. Costello and was therefore not "capable of affecting the outcome of the trial." *McKenzie*, 581 A.2d at 657. Consequently, the court did not err in quashing the subpoena.

■ ¶5 Appellant also contends that the court did not have the authority to order appellant to pay Ms. Angelo's legal fees. Ms. Angelo requested $1,600.00 in attorney's fees: $560.00 to Kevin A. Ormerod, Esquire, for research and drafting of a motion to quash; $367.50 to Frank A. Chernak, Esquire, for reviewing the motion to quash, preparing argument, and appearing in court; and $682.50 to Ms. Angelo herself for reviewing the subpoena, conferring with Mr. Chernak, and attendance in court. *See* Affidavit of Non Party Deponent Arlene J. Angelo, 12/3/99, at 4–5. The court's reasoning for awarding counsel fees is sparse: "the Court assessed defendant the sum of $1,600.00 to cover attorney fees incurred by the non-party witness having this subpoena quashed. This ... was not error." Trial Court Opinion, 3/29/00, at 3–4.

■ ¶6 Legal authority on this topic is sparse. We unearthed a provision entitled "Compensation and expenses of witnesses," which is applicable to "a witness served with a subpoena to testify before any government unit." 42 Pa.C.S.A. § 5903. Such witnesses "shall be paid at the rate of $5 per day during the necessary period of attendance." *Id.* Subpoe-

naed witnesses also receive seven cents per mile for mileage. *See id.* This section certainly does not authorize attorney's fees for subpoenaed witnesses.

¶ 7 We did, however, find cases concerning attorney's fees for litigants. In such cases, "the general rule [is] that litigants cannot recover counsel fees from an adverse party without express statutory authorization, a clear agreement between the parties, or some other established exception." *Warehime v. ARWCO Corp.,* 451 Pa.Super. 468, 679 A.2d 1317, 1320 (1996). 42 Pa.C.S.A. § 2503 provides that various "participants" are entitled to attorney's fees. First, "[a]ny participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of the matter," and second, "[a]ny participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S.A. § 2503. Our Supreme Court has defined "arbitrary" as "conduct ... based on random or convenient selection or choice rather than on reason or nature." *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295, 299 (1996). "Vexatious" refers to conduct with "the sole purpose of causing annoyance." *Id.* "Bad faith" refers to actions "for purposes of fraud, dishonesty, or corruption." *Id.* While appellant's attorney erred in requesting a subpoena for Ms. Angelo, we cannot call this conduct arbitrary, vexatious, or in bad faith. Appellant's counsel did have a logical explanation for the subpoena, however mistaken it may have been. We therefore reverse the trial court's award of attorney's fees.

¶ 8 Judgment of sentence affirmed. Award of attorney's fees reversed. Jurisdiction relinquished.

¶ 9 McEWEN, P.J., concurs in the result.