John I. SMITH and Patricia N. Smith, Co-Administrators of the Estate of Patricia Marie Smith, Deceased, and Natural Guardians of Johnathon Smith

v.

CITY OF CHESTER, Chester–Upland School District, Chester–Upland Board of School Directors and City of Chester Police Department.

Civ. A. No. 93–CV–5891.

United States District Court, E.D. Pennsylvania.

April 19, 1994.

Anthony F. List, List & List, P.C., Media, PA, for plaintiffs.

Phillip B. Silverman, Philadelphia, PA, for defendants Chester–Upland School Dist. and Bd. of School Directors.

Paula F. Tripodi, Holsten & White, Media, PA, for defendant City of Chester Police Dept.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Pursuant to Federal Rule of Civil Procedure 59, plaintiffs have filed a motion for reconsideration of this Court's previous decision entered January 5, 1994, granting defendants' Chester–Upland School District and Chester–Upland Board of School Directors motion to dismiss, 842 F.Supp. 147. Because plaintiffs have done nothing more than disagree with this Court and have failed to demonstrate a clear error of law, we must deny plaintiffs' motion for reconsideration.

Plaintiffs John I. Smith and Patricia N. Smith initiated this action seeking damages when their daughter was killed and son was injured as they were crossing the street on the way home from school. Plaintiffs have filed a five count complaint against defendants seeking damages for negligence as well as punitive damages for willful and wanton misconduct. The accident occurred at the intersection of Route 320 and the 1700 block of Providence Road in Chester, Pennsylvania. On the day of the accident, the school crossing guard failed to report for duty. Plaintiffs claim that the crossing guard frequently failed to report to duty and further, that defendants were aware of this fact. On January 5, 1994, we granted defendants' motion to dismiss holding that defendants are immune under § 8541 of 42 Pa.C.S.A., The Pennsylvania Political Subdivision Tort Claims Act ("the Act"). It is this decision upon which the plaintiffs filed their motion for reconsideration.

■ "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986) (citations omitted); *Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993). Under Rule 59(e), a party must rely on one of three grounds: 1) the availability of new evidence not previously available, 2) an intervening change in controlling law, or 3) the need to

correct a clear error of law or to prevent manifest injustice. *Reich,* 834 F.Supp. at 755.

Courts in this circuit recognize that "any litigant considering bringing a motion to reconsider based upon [the third ground] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant." *Reich,* 834 F.Supp. at 755. Parties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment. *Id.; Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

Plaintiffs here offer no evidence not previously available, nor do they claim that there has been a change in controlling law. Rather, plaintiffs contend that there is a need to correct a clear error of law. Plaintiffs' contention is that the defendants are not immune from suit because an exception to immunity applies. Specifically, plaintiffs claim that the crossing guard in this case was a "traffic control" within the meaning of § 8542(b) of the Act.[1]

We have already addressed the arguments made by plaintiffs in their motion for reconsideration in our decision to grant summary judgment on behalf of defendants City of Chester and City of Chester Police Department, *See Smith v. City of Chester,* No. 93–CV–5891, slip op. (E.D.Pa. April 19, 1994), and have found them to be without merit.

Because plaintiffs have failed to demonstrate an error in our previous decision, and have only disagreed with this Court, plaintiffs' motion for reconsideration is denied. An appropriate order follows.

### ORDER

AND NOW, this 19th day of April, 1994, upon consideration of plaintiffs' motion for reconsideration of our previous decision granting defendants' motion to dismiss, and defendants' response thereto, it is hereby ORDERED that plaintiffs' motion is DENIED.

---

1. We need not consider other issues argued by plaintiffs as they are moot.