## PROGRESSIVE CASUALTY INSURANCE CO., Plaintiff,

v.

## PNC BANK, N.A., Defendant.

### Civil Action No. 98–6480.

United States District Court, E.D. Pennsylvania.

Oct. 12, 1999.

---

Alan A. Turner, Philadelphia, PA, for Plaintiff.

Susan Verbonitz, Weir & Partners, LLP, Philadelphia, PA, for Defendant.

### *MEMORANDUM*

LOWELL A. REED, Jr., Senior District Judge.

Presently before the Court is the motion of the defendant PNC Bank, N.A. ("PNC")

for reconsideration of this Court's order of July 27, 1999, denying the motion of PNC to dismiss Counts II and III of plaintiff's amended complaint (Document No. 18) and plaintiff's response thereto (Document No. 19). Based upon the following considerations, the motion will be denied.

## I. BACKGROUND

While the relevant facts were set forth in detail in the Court's prior memorandum opinion, I briefly review them here. This case revolves around Cashier's Check No. 21506, which was issued by Madison Bank ("Madison") [1], as the proceeds of a mortgage loan, to Fred Beard, Jr., and Deanne Beard. The check was made out to the order of Mr. and Mrs. Beard and Preferred Abstract, Inc. ("Preferred"), and was delivered to Preferred.[2] Preferred deposited the check in its check in its escrow account at PNC, and Madison eventually honored the check for the full amount. The entire amount of the check, $168,000, was subsequently withdrawn from the Preferred account at PNC in piecemeal fashion.

On July 27, 1999, this Court entered an order and memorandum opinion on defendant's original motion to dismiss (filed February 2, 1999), granting the motion as to Count II of plaintiff's amended complaint and denying the motion as to Count III. The Court found that plaintiff had failed to state a claim of notice of breach of a fiduciary duty in Count II, but that plaintiff had stated a cognizable claim for negligence in Count III.

Defendant here petitions the court to reconsider its ruling as to the Count III negligence claim on two grounds that were not advanced in its original motion to dismiss: (1) that a negligence claim is precluded by § 3-404 and 3-405 of the Pennsylvania Uniform Commercial Code, ("Pennsylvania Code") 13 Pa.C.S.A, § 3-404, 3-405; (2) that even if the negligence claim were not precluded by the Code, Pennsylvania law does not recognize a negligence claim under the facts set forth in plaintiff's complaint. This memorandum will address only on these two arguments as advanced in the motion for reconsideration.

## II. ANALYSIS

To prevail on a motion for reconsideration, the moving party must point to a manifest error of law or fact, present newly available evidence, or cite to an intervening change in the controlling law. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). The Court will reconsider its earlier ruling to prevent a manifest injustice. *See Smith v. City of Chester,* 155 F.R.D. 95, 97–97 (E.D.Pa.1994). Mere dissatisfaction with the Court's ruling, however, is not a proper basis for reconsideration. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa. 1993).

### A. Applicability of §§ 3-404 and 3-405

Defendant first contends that the Court was in error in concluding that § 3-405 of the Pennsylvania Code does not apply to this case. Defendant suggests that this court overlooked the 1993 revisions to the Pennsylvania Code, and that under those revisions, both § 3-404 and 3-405 "may apply" to the present case. The gravitas of defendant's assertion is that if the Court were to conclude that §§ 3-404 and 3-405 applied to the facts of this case, plaintiff's negligence claim would be precluded, because under the circumstances covered by

---

1. Madison has assigned its rights to the check amount to plaintiff, Progressive Casualty Insurance Co.

2. The pleadings of both plaintiff and defendant are woefully bereft of factual details, particularly concerning the relationship between the Beards and Preferred and the role of Preferred in Beards' efforts to purchase a home, however, it appears that Preferred was a title company whose intended role was to close the mortgage on the Beard's intended home.

§§ 3–404 and 3–405, a bank is free from the consequences of its own ordinary negligence when it pays an instrument.

■ Defendant points to § 3–404(b)—which applies when the payor "does not intend the person identified as payee to have any interest in the instrument ..."—and suggests that Madison (the payor) did not intend the Beards (the payees) to have an interest in the check absent a perfected mortgage lien on the Beards' home.

■ This argument fails. The broad wording of § 3–404 suggests that the interest may be of "any" sort, and need not be direct or without conditions. The check from Madison was intended to pay for a new home for the Beards—surely individuals have an interest in their own home. Madison's intent that the Beards have an interest in the check is not defeated, as PNC suggests, by the fact that the loan proceeds in the check were to be secured by the home itself which, apparently, was never purchased with the Madison loan, because the check proceeds were hijacked before the money was used to buy the home. Defendants cannot use the consequences of the alleged negligence in this case to defeat the negligence claim itself.

■ Defendant also argues that § 3–405 "may apply" here as well, suggesting that Preferred qualifies as an "employee" of the Beards under § 3–405. The Court could not find, nor do the parties offer, substantial case law on what constitutes the kind of "employer-employee" relationship contemplated by § 3–405. Defendant extrapolates its argument from the plaintiff's use of the word "agent" in describing Preferred in its complaint, stating that agent is synonymous with "independent contractor," which falls within the definition of "employee" in § 3–405. However, the Superior Court of Pennsylvania has held in a different setting that the mere use of the term "agent" by parties is not legally dispositive, and that the court must examine the particular circumstances and acts involved in ascertaining the nature of the relationship. *See Sands v. Granite Mutual Insurance Co.*, 232 Pa.Super. 70, 76, 331 A.2d 711, 714 (1974).

While the pleadings are largely devoid of factual context, I cannot conclude on the basis of the complaint that the relationship between the Beards and Preferred constituted an employer-employee relationship within the meaning of § 3–405. Furthermore, the policy underlying § 3–405 is that "the employer is in a far better position to avoid the loss," § 3–405 cmt. 1, and it cannot be said that the Beards were in a position far better than the bank to prevent the check proceeds from being lost under these circumstances. Thus, I conclude that § 3–405 does not apply to the circumstances of this case, and that the negligence claim is not precluded.

## B. Negligence Claims Against a Depository Bank

Finally, defendants argue that even if the claims are not precluded, neither a drawee nor a drawer can state a negligence claim against a depository bank under Pennsylvania law. Defendants conclude that because Madison was both the drawer and the drawee of the check, a negligence claim by the assignee of Madison cannot survive its motion to dismiss.

In support of its argument that a drawer cannot state a negligence claim against a depository bank in Pennsylvania, defendant quotes from a century-old case, *The Land–Title & Trust Co. v. Northwestern Nat'l Bank*, 196 Pa. 230, 46 A. 420 (1900). Defendant selectively quotes from the decision, conveniently omitting the sentence in which the court explicitly stated that "the case was not presented or argued" on negligence grounds—the case was decided on contract grounds. *Id.* at 238, 46 A. 420, 46 A. at 422.[3] The case does not stand for the proposition for which defendants cite it.

---

**3.** "This liability is founded on contract, not on negligence, and it exists if at all whether there was negligence or not." *The Land–Title & Trust Co.*, 196 Pa. at 238, 46 A. at 422.

Thus, it is not settled law in Pennsylvania that a drawer cannot state a negligence claim against a depository bank. Courts in other jurisdictions are split on the matter. *Compare Wymore State Bank v. Johnson International Co.*, 873 F.2d 1082, 1087 (8th Cir.1989) (holding that a drawer may sue a depository bank); *Justus Co. v. Gary Wheaton Bank*, 509 F.Supp. 103, 105–06 (N.D.Ill.1981) (same); *Sun 'n Sand, Inc. v. United California Bank*, 21 Cal.3d 671, 148 Cal.Rptr. 329, 582 P.2d 920 (1978) (same); *Elwert v. Pacific First Federal Sav. & Loan Ass'n*, 138 F.Supp. 395 (D.Or.1956) (same); *Home Indem. Co. v. State Bank of Ft. Dodge*, 233 Iowa 103, 8 N.W.2d 757 (Sup.Ct.1943) (same) *with The Guardian Life Ins. Co. of America v. Weisman*, 1999 U.S. Dist. LEXIS 2618, No. 96–1141 (N.J. January 12, 1999) (a drawer may not sue a depository bank); *Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.L.A.*, 909 F.Supp. 948 (D.N.J.1995) (same). Because neither the language of the Pennsylvania Code nor Pennsylvania case law suggests that a drawer may not state a claim of negligence against a depository bank, I conclude that plaintiff's claim must survive a motion to dismiss.

Having found that plaintiff may state a negligence claim as drawer against the depository bank, it is not necessary to consider whether plaintiff may state a claim as drawee.

## III. CONCLUSION

Defendant has not carried its burden of pointing to a manifest error of law or fact or citing a recent change in law that would warrant a reversal of this Court's decision on the motion to dismiss. Instead, defendant has advanced new arguments that are not persuasive. For the foregoing reasons, the motion for reconsideration will be denied. An appropriate Order follows.

### ORDER

**AND NOW**, this 12th day of October, 1999, upon consideration of the motion of defendant PNC Bank, N.A. ("PNC") for reconsideration of this Court's order of July 27, 1999, denying the motion of PNC to dismiss Counts II and III of plaintiff's amended complaint (Document No. 18) and plaintiff's response thereto (Document No. 19), and having concluded that defendant has not identified any manifest error of law or fact, presented newly available evidence, cited to an intervening change in the controlling law, or demonstrated a manifest injustice, it is hereby **ORDERED** that defendant's motion is **DENIED.**