**UNITED STATES**

v.

**Cobie RICH Defendant**

**No. 03–CR–86–1.**

United States District Court,
E.D. Pennsylvania.

Oct. 27, 2004.

---

Patrick Askin, Esq., Pamela Foa, Esq., Andrea B. Grace, Esq., U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Cubie Rich, NiaLena Caravasos, Esq., Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Currently before me is the government's motion for reconsideration of my order granting a new trial. For the reasons set forth below, this motion is denied.

## I. BACKGROUND

On February 5, 2004, following a jury trial, Cobie Rich was found guilty of the following three counts: possession with the intent to distribute cocaine and cocaine base ("crack") on October 8, 2002 (Count 1); possession with the intent to distribute cocaine and crack on December 17, 2001 (Count 2); and possession with the intent to distribute crack on October 11, 2001 (Count 3).

Before trial, Rich filed a motion for severance, which I denied as to counts 1–3. (R. at 13 (January 28, 2004).) However, in its closing argument, the government stated:

Now, there are common threads that run through each and every one of these incidents that I just want you to consider briefly .... In all three incidents, each time you're talking about crack and

cocaine. In all three incidents, each time you're talking about narcotics found either under or around the driver's seat area . . . . Each time, the defendant is the one driving the vehicle. Each time, the defendant has on him . . . more than $350 in United States currency . . . most of it in small denominations. And you have all of this occurring in the same areas of the city.

(R. at 83 (February 4, 2004).) The prosecutor concluded by asking the rhetorical question:

"He's just so unlucky that he happens to be in three cars where things are secreted all over them that he doesn't know about, on three different occasions?"

(*Id.* at 84.) Immediately following this closing argument, Rich renewed his motion for a severance in light of the prosecutor's statements "linking" all three incidents. (*Id.* at 87.) At that time, I denied the motion. (*Id.*)

Following trial, Rich filed a motion for judgment of acquittal/motion for new trial. Rich argued, *inter alia*, that I erred in denying his motion for severance of counts 1–3. (Def. Mot. for New Trial at 8.) Rich contended that the jury had improperly cumulated the evidence of the various crimes charged and inferred from the number of crimes charged that the defendant had a criminal disposition. (*Id.*) Indeed, the government invited the jury to draw these conclusions in its closing argument when it emphasized the "common threads" of the incidents and the "unlucky" disposition of Rich.

On July 22, 2004, I granted Rich's motion for new trial. In doing so, I held that if the joinder of the three offenses were the only basis for Rich's assignment of error, I would not hesitate to find a lack of error or prejudice. *United States v. Rich,* 326 F.Supp.2d 670, 680 (E.D.Pa.2004). The joinder was proper under Federal

Rule of Criminal Procedure 8(a) and any prejudice was mitigated by my instructions to the jury which included the following:

A separate crime or offense is charged against the defendant in each of the counts of the indictment which you will be asked to consider. Each offense, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control or impact your verdict as to any other offense charged against the defendant.

(R. at 116–17 (February 4, 2004).)

However, despite the instructions, the government's comments during closing argument invited the jury to do precisely what the law implores them not to do: to cumulate the evidence of the individual crimes charged and to infer a criminal disposition on the part of the defendant. *Rich,* 326 F.Supp.2d at 680. After engaging in the Third Circuit's analysis of determining whether improper prosecutorial comments were prejudicial, *United States v. Mastrangelo,* 172 F.3d 288 (3d Cir.1999), I granted defendant's motion for a new trial. *Rich,* 326 F.Supp.2d at 680–82.

In the instant motion for reconsideration, the government belatedly raises for the first time that its closing argument was proper because had the offenses been tried separately, evidence of each of the other acts would have been admissible under Federal Rule of Evidence (FRE) 404(b) and the government would have been permitted to tie together the offenses to the extent that they prove each other. (Gov. Mot. for Rec. at 3.) For the reasons stated below, I find the government's new argument unconvincing.

## II. STANDARD OF REVIEW

 "The purpose of a motion for reconsideration is to correct manifest errors

of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). In order to obtain relief, therefore, the moving party must establish one of the following: (1) the availability of new evidence not previously available; (2) an intervening change in controlling law; or (3) the need to correct a clear error of law or to prevent manifest injustice. *Smith v. City of Chester,* 155 F.R.D. 95, 96–97 (E.D.Pa.1994). Because there is no newly available evidence at issue in the instant motion nor has there been an intervening change in controlling law, I will review my grant of new trial for clear errors of law or manifest injustice.

## III. DISCUSSION

The government contends that its closing argument was proper because had these offenses been tried separately, evidence of each of the other acts would have been admissible under Federal Rule of Evidence 404(b) and the government would have been permitted to tie together the offenses to the extent that they prove each other. The government's analogy to FRE 404(b) is flawed for several reasons: 1) it ignores the court's duty to minimize prejudice when denying a severance motion; 2) it fails to distinguish between a traditional 404(b) issue and making a 404(b) argument when the "other act" is a charge being tried in the same trial; and 3) it bypasses the procedural safeguards contained in FRE 404(b) and FRE 403.

### A. Minimizing prejudice in cases of joinder

The government's analogy to FRE 404(b) evidence is inappropriate because the issue at hand is not whether prior bad act evidence was admissible in this case. The evidence for all three incidents was already before the jury. The pertinent issue is how the jury is allowed to consider the evidence for each incident in relation to the other incidents. The government's 404(b) argument ignores the duty of the trial court to minimize prejudice when denying a severance motion. Fed. R. of Crim. Proc. 14 provides, "If it appears that a defendant or the government is prejudiced by a joinder of offenses ... the court may order an election or separate trials of counts, grant a severance of defendants or *provide whatever other relief justice requires.*" (emphasis added). The Third Circuit held that a "primary concern in considering a motion for severance is 'whether the jury can reasonably be expected to compartmentalize the evidence,' as it relates to each count by following the instructions of the trial court." *United States v. Reicherter,* 647 F.2d 397, 400 (3d Cir.1981) (quoting *United States v. DeLarosa,* 450 F.2d 1057, 1065 (3d Cir.1971)).[1]

Curative instructions are often a condition of proper denials of severance motions. *See U.S. v. Melendez,* 301 F.3d 27, 36 (1st Cir.2002) (court's instruction that "each count charges a separate offense and that each had to be considered separately, without allowing the verdict on one count

---

1. In *United States v. Werner,* 620 F.2d 922, 927–9 (2d Cir.1980), the court discussed the policy reasons behind rule 8(a) which "necessarily recognizes the adverse effect on the defendant by a joinder of counts, but considers this to be outweighed by gains in trial economy when one of the criteria are met." *Id.* at 929.

While the mere fact that juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person

charged with one does not call for relief under Rule 14, trial courts must be alert to the danger that ... the jury may use the evidence cumulatively; that is, that although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all. *Id.* at 929 (quoting Judge L. Hand in *United States v. Lotsch,* 102 F.2d 35, 36 (2d Cir. 1939)).

to affect the verdict on any other count ... minimized any possible prejudice from joinder"); *U.S. v. Lipari,* 1992 WL 165799 (D.N.J., July 8, 1992) (finding that refusal to grant severance was appropriate because the court will give curative instruction) (citing *United States v. LaRouche,* 896 F.2d 815, 831 (4th Cir.1990); *United States v. Oakey,* 853 F.2d 551, 555 (7th Cir.1988)).[2]

In this case, I denied Rich's repeated motions for severance both in a pre-trial conference and immediately after the government's closing argument. (R. at 13 (Jan. 28, 2004); R. at 87—88 (Feb. 4, 2004).) To minimize any prejudice, I included a jury instruction that "Each offense, and the evidence pertaining to it, should be considered separately." (R. at 117 (February 4, 2004).) However, the government's closing argument, by telling the jury to consider the "common threads" that run through all three incidents, urged the jury to do exactly what I instructed them not to do, that is, to consider the evidence for all three crimes cumulatively. The government's comment that Rich was "just so unlucky" also urged the jury to infer criminal disposition on the part of the defendant. These comments counteracted the effectiveness of my jury instructions in minimizing prejudice due to joinder of the offenses. For this reason, the government's comments during closing argument were sufficiently improper to merit granting a new trial.

*B. 404(b) arguments when the "other act" is a charge being tried in the same trial*

■ In making its 404(b) argument, the government fails to distinguish between the usual 404(b) situation and this case in which the "other acts" are other charges in the same trial. Under *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), a trial court should admit extrinsic evidence under FRE 404(b) if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act.[3] This standard is clearly far more lenient than beyond a reasonable doubt. In fact, according to the Supreme Court, it is even less than a preponderance of the evidence standard. *Id.* at 690, 108 S.Ct. 1496. In Rich's case, where the "other acts" are charges being tried in the same trial, the government, in making its 404(b) argument, asks the jury to use the "other act" of count II, which under a 404(b) analysis had to be shown by less than a preponderance of the evidence, to prove count III beyond a reasonable doubt and vice versa. Thus, when evidence for either count, standing alone, might be insufficient to prove guilt beyond a reasonable doubt, by compounding the evidence for each count the government is able to meet its burden. In a trial where the defendant is not facing conviction for one of the counts, such linking of evidence *might* be acceptable (if the government is able to make all the proper 404(b) and 403 showings). However, in a case where the "other acts" are charges that are being tried at the same time, allowing the government to tie the evidence for each individual count together in such a way violates the basic constitutional tenet that a defendant must be proven guilty of each count beyond a reasonable doubt.

---

**2.** These cases show that the jury instruction which the government calls "unduly favorable to the defense" (Gov. Mot. for Rec. at 1) and "much more than that to which he was entitled under the law" (*id.* at 13) is actually standard.

**3.** There are also other procedures which must be followed before 404(b) evidence may be admitted. These are discussed in section III. C., *infra.*

### C. Bypassing the safeguards of FRE 404(b) and FRE 403

■ Even following the government's 404(b) analogy, its argument must fail because none of the procedural safeguards contained in FRE 404(b) and FRE 403 were followed in this case.[4] These safeguards include giving notice to defense and undergoing FRE 403 weighing. FRE 404(b) provides that "upon request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence that it intends to introduce at trial." This notice allows the defense the opportunity to prepare to rebut the impact of such evidence or to make motions *in limine* to the court. The notice gives the defense the opportunity to argue, before the issue reaches the jury, that such linking of evidence could be used to infer a criminal disposition on the part of the defendant or find the defendant guilty of current crimes because of past crimes. Rich did not have such an opportunity in his case. The defense was justified in having the expectation that the evidence for each incident would be considered separately. In order to urge the jury to consider the evidence concurrently, the government should have made a "404(b)" motion (as it offers to do in its briefs (Gov. Rep. in Sup. of Mot. for Rec. at 5)) which would have allowed Rich to respond and the court to rule before the case got to the jury. Instead, the government bypassed this process.

The government's 404(b) argument also bypassed FRE 403 weighing, which is a necessary step before 404(b) evidence can be admitted. FRE 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In the context of Rich's trial, where the "other acts" were other charges at issue in the same trial, there was a high danger of prejudice that the jury, in considering the evidence cumulatively, would find guilt on each count beyond a reasonable doubt when they would not have done so if they considered the evidence for each count separately. However, by failing to bring a motion on this issue, the government bypassed full consideration of the dangers of arguing that the evidence for all three

---

**4.** The government seems to assume that had these procedures been followed, it would have been allowed to argue the connections between the three charges under a 404(b) justification. In making this assumption, the government relies on several Third Circuit cases on the admissibility of 404(b) evidence, including *United States v. Givan*, 320 F.3d 452 (3d Cir.2003); *United States v. Vega*, 285 F.3d 256 (3d Cir.2002); *United States v. Boone*, 279 F.3d 163 (3d Cir.2002); and *United States v. Wright–Barker*, 784 F.2d 161 (3d Cir.1986). However, none of those cases involved the most significant aspect of the instant case-that the "other acts" were actually charges being tried in the same case. Additionally, some of these Third Circuit cases can be distinguished because the 404(b) evidence offered was a prior conviction, *Givan*, 320 F.3d at 460, or was being used, at least in part, to show a relationship to other co-defendants, *Boone*,

279 F.3d at 187; *Vega*, 285 F.3d at 260. Also, by relying on appellate cases that are reviewing trial courts' decisions to admit evidence under FRE 404(b) for abuse of discretion, the government fails to acknowledge that a trial court's decision to *not* admit the same evidence would be well within its discretion. *See Johnson v. Elk Lake School District*, 283 F.3d 138, 146 (3d Cir.2002) ("We review a district court's evidentiary rulings for abuse of discretion. Moreover, where the applicable evidentiary rule is itself discretionary . . . we give the trial court's ruling substantial deference.") (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir.1995)). Both FRE 404(b) and FRE 403 are discretionary evidentiary rules due to the trial court's first hand knowledge of the trial dynamics, and, as such, any trial court ruling on 404(b) and 403 issues is given substantial deference.

incidents were linked and should be considered simultaneously.

## IV. CONCLUSION

For the reasons set forth above and because I find no clear error of law or manifest injustice in granting a new trial, the government's motion for reconsideration is denied.

### ORDER

AND NOW, this 27 day of October 2004, it is ORDERED that the Government's Motion for Reconsideration of the Order Granting a New Trial (Docket # 89) is DENIED.